IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff-Respondent,

v.

CIV 12-0470 JCH/KBM
CR 10-0754 JCH

EDGAR VILLAESCUESA-LARA,

Defendant-Movant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Edgar Villaescuesa-Lara's motion[1] seeking habeas relief under 28 U.S.C. § 2255, *Doc. 1,* and the United State's response, *Doc. 4.* All of the issues can be resolved on the pleadings, and the record establishes conclusively that the Petitioner is not entitled to relief. Accordingly, I find that an evidentiary hearing is not necessary. *See, e.g., United States v. Smith,* 421 F. App'x 889, 902 (10th Cir. 2011). I recommend that the petition be denied and this action dismissed with prejudice.

The United States charged Petitioner with possession with intent to distribute more than five kilograms of cocaine, and conspiracy and attempt of the same. *See United States v. Villaescuesa-Lara,* CR 10-0754 JCH (Docs. 1, 16). Petitioner faced a ***mandatory minimum***

[1] While the federal form labels a § 2255 action as a "motion," the common practice in the Tenth Circuit and this Court refers to the document as a "petition." *See, e.g., United States v. Viera,* 674 F.3d 1214, 1217 (10th Cir. 2012); *United States v. Nick,* CIV11-0217 MCA/KBM (Doc. 14).

sentence of ten years on each of the two counts in the indictment. *See Doc. 4* at 7-8 & n.1. After an unsuccessful defense motion to suppress, and after the Government rested its case two days into trial, Petitioner accepted a plea deal. *See United States v. Villaescuesa-Lara,* CR 10-0754 JCH (Docs. 73, 98). He pleaded guilty to maintaining a place for the purposes of distributing cocaine in violation of 21 U.S.C. § 856(a)(1), which carried a ***maximum*** term of incarceration of twenty years. *See id.* (Docs. 94-97, 99).

The written plea agreement waived Petitioner's right to file a direct appeal challenging his conviction or sentence, but specifically reserved his right to "collateral[]ly attack [the] conviction [under] 2255 . . . on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver." *Id.* (Doc. 97 at 7). This written plea agreement also noted potential immigration consequences, specifically, that the plea to a drug trafficking crime constitutes a presumptively mandatory removable offense. *Id.* at 6. Defendant acknowledged that likely consequence and affirmed that he desired to "plead guilty regardless of any immigration consequence . . . even if the consequence is . . . automatic removal." *Id.*

A subsequent amendment to the agreement did not change the above sections. *See id.* (Doc. 149 at 6-7). The United States, however, added a hand-written interlineation that agreed "to the low end of the applicable sentencing guidelines range." *Id.* at 4. Also, Petitioner "consent[ed] to removal . . . following the completion of [his] sentence," and to waive any rights "relating to any and all forms of relief from removal or exclusion, to abandon any pending applications for such relief, and to cooperate with the Department of Homeland Security during removal proceedings." *Id.* at 7; *see also id.* (Doc. 150 – Clerk's minutes, plea to amended plea agreement before the undersigned).

At the sentencing hearing, Petitioner and his attorney represented to the Court that, after

much effort, they were satisfied with the presentence report and its corrected base level and attendant range of 46 to 57 months. The statement Petitioner made to the Court was to convey his remorse and to ask for leniency. *See Sentencing Transcript* at 4-5. Neither Petitioner nor his attorney mentioned deportation. Only Judge Herrera mentioned “removal” and did so in stating her sentencing recommendation that removal proceedings begin “during service of sentence.” *Id.* at 6.

District Judge Herrera sentenced Petitioner to forty-six months, and she further imposed a term of ***unsupervised*** release with the special condition that Petitioner “not reenter the United States without legal authorization.” *Id.* (Doc. 156). She also recommended that Petitioner be incarcerated in El Paso, Texas, or Anthony, New Mexico “so as to be close to family” in Santa Fe. *Id.* at 2; *see also Sentencing Transcript* at 7. As the caption reflects, however, Petitioner is housed in the Limestone County Detention Center in Groesbeck, Texas, some 700 miles away from either of those recommended cities, and even further from Santa Fe. Here, Petitioner asks the Court to reduce his sentence or grant him immediate supervised release.

As grounds, he cites two related instances of ineffective assistance of his trial attorney. *See Doc. 1* at 15. The United States responds that the claims are procedurally-defaulted because Petitioner did not raise them on direct appeal. *See Doc. 4* at 9. Yet the United States specifically agreed in the plea agreement that such claims are not waived in this proceeding. Furthermore, as a matter of law, it is well-settled that even if a direct appeal had been available, procedural default does not bar ineffectiveness claims not raised on direct review. Indeed, it is only in the rare instance that such claims will be decided on direct review and the rule in the Tenth Circuit is that they be raised in a § 2255 proceeding. *See, e.g., Massaro v. United States,* 538 U.S. 500, 509 (2003) (““We do hold that failure to raise an ineffective-assistance-of-counsel claim on

direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255."); *United States v. Goodlett,* 403 F. App'x 311, 314 (10th Cir. 2010) ("Mr. Goodlett's ineffective-assistance-of-counsel claim is not procedurally barred, because there is no requirement that such a claim be raised on direct appeal."); *United States v. Nick,* CIV11-0217 MCA/KBM (Doc. 14 at 6-7 & n. 3) ("Contrary to what I believe the United States may be suggesting . . . ineffective assistance of counsel claims can be raised for the first time in a § 2255 petition, and are not defaulted simply for failing to raise them on direct appeal.") (and cases cited and quoted in footnote).

Under *Strickland*, Petitioner is required to demonstrate that counsel's conduct was constitutionally deficient and that but for the conduct, the result of the proceeding would have been different. Failure to make either showing defeats the claim. *E.g., Smith v. Robbins,* 528 U.S. 259, 286, n.14 (2000); *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Petitioner cannot prevail on either prong.

Petitioner first asserts that his attorney was ineffective due to a 1995 memorandum from the Attorney General that authorizes prosecutors to offer a two-point "downward departure" when a defendant "accepts a final deportation order." *Doc. 1* at 4. Though it is not entirely clear, Petitioner contends that counsel was ineffective either because he did not inform Petitioner about this option or insist that the United States exercise it.[2] In either event, "[u]nder the applicable Federal Sentencing Guidelines, there is no downward departure available for a defendant's consent to deportation following the completion of his sentence." *Jarvis v. United States,* No. 10–cv–5693 (ENV), 2012 WL 34091, at *4 (E.D.N.Y. Jan. 6, 2012).

---

[2] In Claim 1, Petitioner cites an "Exhibit A" that was not attached to his petition. However, in context it appears he is referring to a copy of his sentence, which the Court has available to it from the criminal case. *See Doc. 1* at 5.

The 1995 memorandum, attached hereto as Exhibit A, affords no basis for relief. Cases uniformly have rejected such claims. They hold that the memorandum does not give defendants who consent to deportation an automatic and mandatory downward departure, and that counsel are not ineffective for failing to pursue that avenue. *See, e.g., Rosario v. United States,* 625 F. Supp. 2d 123, 131 (S.D.N.Y. 2008); *United States v. Hernandez-Montealegre,* 445 F. Supp. 2d 646, 653-54 (E.D. Va. 2006); *United States v. Astacio,* 14 F. Supp. 2d 816, 820 (E.D. Va. 1998); *United States v. Angel-Martinez,* 988 F. Supp. 475, 481-82 (D.N.J. 1997); *United States v. Beltran-Palafox,* Nos. 09–40022–01–JAR, 12–4016–JAR, 2012 WL 899262, at *3 (D. Kan. Mar. 16, 2012). Even the U.S. Attorney offices that decided to adopt an automatic one-level departure policy discontinued that practice in the late 1990's. *Jarvis,* 2012 WL 34091, at *4.

One court notes in its conclusion that the 1995 memorandum was superceded by the availability of the "fast track" program for those defendants charged solely with illegal reentry. *See Anvila-Sanabria v. United States,* No. 2:07-CV-00383 PGC, 2007 WL 2688244, at * 2 (D. Utah Sept. 11, 2007). Here, the United States believes Petitioner may be

> may be confusing his request with that of a two-level downward departure pursuant to U.S.S.G. § 5K3.1 which provides:
>
> > Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides.
>
> The United States may submit a motion for a two-level downward departure under U.S.S.G. § 5K3.1 in certain cases. However, a two-level downward departure under U.S.S.G. § 5K3.1 is customarily reserved for fast track plea agreements pursuant to Fed. R. Crim. P. 11(c)(1)(C). Such fast track plea agreements involve violations of 8 U.S.C. §§ 1326 (a) and (b), that being Reentry of a Removed Alien.

> The two-level downward departure under U.S.S.G. § 5K3.1 is not applicable to the defendant because: 1) he pleaded guilty to a federal drug law violation of 21 U.S.C. § 856(a)(1), that being maintaining a place for the purpose of distributing of a controlled substance, as opposed to a violation of 8 U.S.C. §§ 1326 (a) and (b), that being Reentry of a Removed Alien; and 2) he did not enter into a fast track plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C).

*Doc. 4* at 11; *see also United States v. Calderon,* CIV 10-618 JB/LAM (Doc. 14 at 2 n. 2) ("Congress approved early disposition or fast- track programs. Regarding illegal re-entry cases, "the fast track program currently implemented in the District of New Mexico is a departure-based program"). Tenth Circuit decisions have held that a defendant's status as a deportable alien is not grounds for a downward departure, and counsel is not ineffective in failing to move for one, unless the Attorney General has affirmatively "sanctioned" the departure on that basis. *See United States v. Aguilar,* 105 F. App'x 961, 962-63 (10th Cir. 2004) (and cases discussed therein). However, Petitioner does not assert that he qualified for a "fast-track" plea under New Mexico's fast-track program, and furthermore, even if he did, there was no Attorney General sanction for that treatment. Accordingly, the alternative construction of this claim does not afford a basis for relief.

The United States understands Petitioner to argue in Claim 2 that his attorney was ineffective in not arguing for immediate deportation rather than imprisonment. *Doc. 4* at 11-12. Petitioner does seems to argue that the threat of immediate incarceration if the deported individual illegally returns is sufficient incentive to maintain compliance with a term of ***supervised*** release. He appears to contend that his attorney was ineffective because he failed to argue that placement on ***supervised*** release made any imprisonment therefore unnecessary. *See Doc. 1* at 6-7. Petitioner may be under the misimpression that the threat of immediate

incarceration for violation of a term of release applies only if the release term is supervised, rather than unsupervised such as the term of release to which he was sentenced. *Id.* at 7.

Regardless, Petitioner fails the second *Strickland* prong with this argument. To establish prejudice in the context of a guilty plea, Petitioner must show that because of this error by counsel he would not have pleaded guilty and insisted on going to trial. *See, e.g., United States v. Moya,* 676 F.3d 1211, 1213-14 (10th Cir. 2012). Not only is there no allegation by Petitioner along these lines, the record conclusively establishes exactly the opposite – Petitioner pleaded guilty to avoid the trial he was afforded, where he faced a mandatory minimum sentence of at least a decade in prison.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the § 2255 petition be denied and this action dismissed with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

UNITED STATES CHIEF MAGISTRATE JUDGE